

Cite as 2013 Ark. 454

# SUPREME COURT OF ARKANSAS

No. CR–13–507

KENNETH RAY PITTS
   APPELLANT

v.

STATE OF ARKANSAS
   APPELLEE

**Opinion Delivered**   November 7, 2013

PRO SE MOTION TO FILE A BELATED APPEAL, TO QUASH SUBPOENA, AND TO REPLY TO NOTICE OF APPEAL; MOTION TO QUASH SUBPOENA AND FOR TRANSCRIPT TO BE RELEASED; MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR CERTIFICATE OF APPEALABILITY AND FOR APPOINTMENT OF COUNSEL; SECOND MOTION FOR CERTIFICATE OF APPEALABILITY AND FOR APPOINTMENT OF COUNSEL; MOTION FOR EXTENSION OF TIME TO FILE BRIEF; PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; SECOND MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND MOTION TO FILE A BELATED BRIEF [PULASKI COUNTY CIRCUIT COURT, 60CR-05-4343, HON. TIMOTHY DAVIS FOX, JUDGE]

APPEAL DISMISSED; MOTIONS MOOT.

## PER CURIAM

On August 25, 2009, appellant Kenneth Ray Pitts filed a pro se petition for writ of

habeas corpus in the Pulaski County Circuit Court. In his petition, appellant stated that he

was an inmate incarcerated in the Arkansas Department of Correction (ADC) at a facility in

SLIP OPINION

Lincoln County. Appellant subsequently filed a motion to dismiss the habeas petition and then filed a second petition for habeas corpus on July 19, 2010, in which he again stated that he was an inmate incarcerated in the ADC at a facility in Lincoln County. Thereafter, appellant filed a series of motions and pleadings in the case. The circuit court granted appellant's motion to dismiss the first habeas petition and denied the second habeas petition, and it denied or dismissed motions and pleadings filed in the habeas proceeding. Appellant lodged this appeal. Now before us are appellant's motions filed in this court.

We dismiss the appeal because the Pulaski County Circuit Court could not grant the relief requested by appellant. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam); *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam).

Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001. *Wilencewicz*, 2012 Ark. 230; *Davis v. Hobbs*, 2012 Ark. 167 (per curiam). Appellant's petition was not filed under Act 1780. Further, appellant alleged that he was incarcerated in a facility in Lincoln County at the time that he filed his petitions, and the public records of the ADC confirm that appellant is now incarcerated in a facility in Jefferson County.

A circuit court does not have jurisdiction to release on a writ of habeas corpus a prisoner not in custody in that court's jurisdiction. *Chestang v. Hobbs*, 2011 Ark. 404 (per

curiam); *Buckhanna v. Hobbs*, 2011 Ark. 119 (per curiam). Appellant is not incarcerated in Pulaski County; thus, Pulaski County does not have jurisdiction, and an order by that court will not act to effect his release.[1]

Appeal dismissed; motions moot.

*Kenneth Ray Pitts*, pro se appellant.

No response.

---

[1]In the motions and pleadings filed in this case, appellant seeks some relief that may be outside of a habeas proceeding. Nevertheless, the motions and pleadings were filed as part of the habeas proceeding; thus, they are subject to the jurisdictional requirements of that proceeding.